UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JACOB BRASHIER, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 3:20-CV-294 |
| v. | ) |
| | ) Judge Collier |
| MANORHOUSE MANAGEMENT, INC., | ) Magistrate Judge Guyton |
| | ) |
| *Defendant.* | ) |

**M E M O R A N D U M**

Before the Court are two motions by Plaintiff Jacob Brashier, a motion to reconsider (Doc. 32) and a motion for voluntary dismissal (Doc. 34), and a motion for attorney's fees by Defendant Manorhouse Management, Inc. (Doc. 36). Plaintiff's motion to reconsider is addressed first, as its outcome affects Plaintiff's motion for voluntary dismissal and Defendant's motion for attorney's fees.

**I.      MOTION TO RECONSIDER**

On December 18, 2020, Plaintiff filed a motion to amend the Scheduling Order (Doc. 24), requesting an extension of the deadline to amend his pleadings. (Doc. 29.) Plaintiff indicated that he intended to bring a claim under Title VII of the Civil Rights Act of 1964 but had not yet received a Notice of Right-to-Sue letter ("NOR letter") from the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to bring a Title VII claim. (*Id.*) Plaintiff did not provide any information regarding what steps he had taken to receive a NOR letter before the amendment-of-pleadings deadline. (*See id.*) Defendant responded in opposition to Plaintiff's motion, asserting Plaintiff did not diligently pursue his Title VII claim and therefore had not established good cause to amend the Scheduling Order. (Doc. 30.)

On February 10, 2021, the Court denied Plaintiff's motion to amend the Scheduling Order, concluding Plaintiff did not meet his burden to demonstrate good cause to extend the amendment-of-pleadings deadline ("the Order"). (Doc. 31.) The Court determined Plaintiff had not shown he diligently pursued his Title VII claim, as he knew of the potential claim for months but failed to file a charge of discrimination until just before the amendment-of-pleadings deadline. (*Id.* at 2–4.) The Court also noted Plaintiff failed to explain his reason for delay in his motion or in a reply to Defendant's opposition. (*Id.* at 3.)

Plaintiff has now moved for the Court to reconsider the Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 32.) Plaintiff argues that he did, in fact, diligently pursue a NOR letter and provides evidence of his efforts. (*Id.* at 2–4; Docs. 32-1–8.) Plaintiff asserts it was the EEOC's lack of diligence that caused his delay, not his own. (Doc. 32 at 4.) In response, Defendant asserts the motion argues why good cause exists to amend the Scheduling Order pursuant to Rule 16(b), not why the Court should reconsider the Order under Rule 60(b). (Doc. 33.) Plaintiff did not file a reply, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a).

Both Plaintiff and Defendant rely on the incorrect standard for Plaintiff's motion to reconsider. Rule 60(b) applies only to final judgments. *See* Fed. R. Civ. P. 60(b) (entitled "Grounds for Relief from a Final Judgment, Order, or Proceeding"). The Order was interlocutory, not final, as it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Network Commc'ns v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990).

Instead, Rule 54(b) and federal common law govern Plaintiff's motion to reconsider. Before final judgment, "[d]istrict courts have authority both under [federal] common law and Rule

54(b) to reconsider interlocutory orders and to reopen any part of a case . . . ." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Interlocutory reconsideration is proper when the movant shows either: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

Plaintiff's motion to reconsider the Order does not satisfy the traditional justifications for reconsideration of interlocutory orders.

First, Plaintiff has not offered any intervening change of controlling law.

Second, Plaintiff does not show new evidence available. The evidence provided with Plaintiff's motion to reconsider is evidence that could have been presented in his initial motion to amend or in a reply to Defendant's opposition, which specifically challenged Plaintiff's diligence. "Motions for reconsideration are not intended . . . to present evidence that could have been raised earlier." *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009); *see also United States v. Hofstetter*, No. 3:15-CR-27-TAV-DCP, 2019 WL 6718489, at *2 (E.D. Tenn. Dec. 9, 2019) (quoting *Madden v. City of Chattanooga*, No. 1:08-cv-160, 2010 WL 670107, at *2 (E.D. Tenn. Feb. 19, 2010)) ("A motion to reconsider under Rule 54(b) 'may not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.'"). Plaintiff had the ability to provide this evidence in briefing his motion to amend. But Plaintiff did not do so, and a motion for reconsideration is not the proper vehicle to now present such evidence.

Third, Plaintiff has not demonstrated a need to correct clear error or prevent manifest injustice. To the extent the Order risks manifest injustice, the Court notes that the Order does not

3

entirely bar Plaintiff's potential Title VII claim. Plaintiff may assert the claim in any manner allowed under the Federal Rules of Civil Procedure and other law. The Order only bars him from doing so in this case, as he failed to amend his Complaint by the amendment-of-pleadings deadline or establish good cause for the Court to extend that deadline.

As Plaintiff fails to provide sufficient grounds under Rule 54(b) and federal common law to reconsider the Court's February 10, 2021, Order, the Court will **DENY** Plaintiff's motion to reconsider (Doc. 32).

## II. MOTION FOR VOLUNTARY DISMISSAL

Plaintiff also filed a motion for voluntary dismissal under Rule 41(a)(2). (Doc. 34.) Plaintiff asks the Court to dismiss this action without prejudice so he can refile it in order to assert a Title VII claim. (*Id.*) Plaintiff cannot bring a Title VII claim in this case pursuant to the Court's February 10, 2021, Order, which, as discussed above, remains in effect. (*See* Doc. 31.) Plaintiff represents that he must bring his Title VII claim by March 15, 2021, or the claim will be barred. (Doc. 34.) Defendant has filed a response in opposition to Plaintiff's motion, contending it will suffer plain legal prejudice if Plaintiff is permitted to refile his lawsuit. (Doc. 37.) In the alternative, Defendant requests the Court to order Plaintiff to pay Defendant's attorney's fees and expenses. (*Id.*) Plaintiff has filed a reply. (Doc. 38.)

Rule 41(a) governs voluntary dismissals.[1] Rule 41(a)(2) allows a court to dismiss an action "at the plaintiff's request," and "[u]nless the order states otherwise, a dismissal under paragraph (2) is without prejudice." "Whether dismissal should be granted under the authority of Rule

---

[1] Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by a notice of dismissal if the opposing party has not filed an answer or a motion for summary judgment or by stipulation. Here, Defendant has filed an answer (Doc. 19), so Rule 41(a)(1) does not apply.

4

41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Id.* The nonmovant suffers unfair treatment not from "the mere prospect of a second lawsuit," but rather when it would suffer plain legal prejudice. *Id.* The Court of Appeals for the Sixth Circuit has identified four factors to assess plain legal prejudice: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.*

As to the first factor, Defendant represents it has made significant efforts at great expense to defend against Plaintiff's claims. Defendant's efforts include service of and responses to one set of discovery requests (Doc. 36-1 ¶¶ 5–6) and motions practice (Docs. 9–10, 14 (Defendant's Motion to Strike and Reply in Support); Doc. 30 (Defendant's Opposition to Plaintiff's Motion to Amend); Doc. 36 (Defendant's Motion for Attorney's Fees); Doc. 37 (Defendant's Opposition to Plaintiff's Motion for Voluntary Dismissal)). In doing so, Defendant has incurred $63,691.00 in attorney's fees and $1,459.00 in expenses. (Doc. 36-1.) Thus, this first factor weighs in favor of denying Plaintiff's motion for voluntary dismissal.

As to the second factor, the Court previously found Plaintiff failed to diligently pursue his Title VII claim. (*See* Doc. 31.) Plaintiff has since provided evidence of his efforts to pursue his Title VII claim. (Doc. 32-1–8.) Five days after the scheduling conference, on October 20, 2020, Plaintiff filed an intake questionnaire with the EEOC, as required to receive a NOR letter. (Doc. 32-1.) Defendant points out Plaintiff knew of his Title VII claim as early as June 2020 yet failed to file this intake form until October 2020. (Doc. 37 at 1.) The point is well-taken—there is no

5

explanation for Plaintiff's delay. But this evidence does suggest Plaintiff took the necessary steps to pursue his Title VII claim soon after the Court established the amendment-of-pleadings deadline. As discussed above, this evidence is insufficient to grant Plaintiff's motion to reconsider, but the Court finds it is sufficient for purposes of voluntary dismissal. Thus, the second factor weighs in favor of granting Plaintiff's motion for voluntary dismissal.

Regarding the third factor, Plaintiff has sufficiently explained why he needs to take a dismissal. Dismissal permits him to assert his Title VII claim and to do so in the same action as his other claims.[2] Defendant contends Plaintiff has not explained why he did not take steps to obtain his NOR letter between filing this suit and October 2020. (Doc. 37 at 7.) Plaintiff could have, and likely should have, started the NOR-letter process much earlier. But Plaintiff did so as soon as the deadline to amend pleadings was set. Plaintiff has sufficiently explained why he did not obtain a NOR letter by the amendment-of-pleadings deadline, once set, and why dismissal is needed. Thus, the third factor weighs in favor of granting Plaintiff's motion.

The final factor weighs in favor of granting Plaintiff's motion for voluntary dismissal, as there are no summary judgment motions pending.

In sum, three factors weigh in favor of allowing voluntarily dismissal of this case pursuant to Rule 41(a)(2) and one factor weighs against doing so. While defending Plaintiff's claims in another lawsuit is inconvenient and certainly inefficient, "the mere prospect of a second lawsuit"

---

[2] Plaintiff filed his motion for voluntary dismissal only three days before the deadline to bring his Title VII claim. Plaintiff has known of this deadline since mid-December but failed to notify the Court of this time constraint until filing this motion. As a result, Defendant was ordered to respond within two days, instead of the fourteen-day deadline imposed by the Local Rules. (Doc. 35.) In the future, Plaintiff should make all reasonable efforts to file any time-sensitive motion by such a date that allows not only his opposing party the opportunity to respond, but also permits the Court to review the briefing and rule on the matter in due course.

does not result in plain legal prejudice to Defendant. *See Grover by Grover*, 33 F.3d at 718. The Court therefore finds voluntary dismissal without prejudice is warranted.

Pursuant to Rule 41(a)(2), a court may dismiss the action "on terms that the court considers proper." Defendant has provided evidence of the parties' discovery efforts and expenses incurred in this lawsuit. (Doc. 36-1.) It would be a waste of not only the parties' resources, but also the Court's resources, to start the case anew, particularly when Plaintiff's claims primarily will be the same as asserted here. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000).[3] Thus, the Court will **GRANT** Plaintiff's motion for voluntary dismissal (Doc. 34), subject to the following conditions:

1. Should Plaintiff decide to refile the case at a later date to bring a Title VII claim, it must be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law;

2. All previous rulings and entries on the docket for this case must stand,[4] and the case will be in the same procedural posture as when it was dismissed; and

3. If Plaintiff prevails in his refiled suit, he must pay Defendant's expenses, costs, and fees for work performed in the first suit that cannot be used in the second suit.

---

[3] In *Duffy*, the Court of Appeals for the Sixth Circuit noted it was "troubled, however, by the district court's failure to give notice to the [plaintiffs] that it intended to condition the voluntary dismissal on retaining the law of the case in the refiled action." 218 F.3d at 633. But the Court does not run afoul of this statement in issuing such conditions here. To comply with Plaintiff's time-sensitive motion, the Court had to expedite brief on the motion, meaning it could not hold a hearing to give Plaintiff advance notice of these conditions. In addition, the case currently is in the discovery, and few rulings on substantive issues have been decided.

[4] The Court's Order as to Plaintiff's motion to amend (Doc. 31) and this Order as to Plaintiff's motion to reconsider shall not apply. Stated differently, no rulings from this case shall bar Plaintiff from bringing a Title VII claim in his subsequent suit, if the claim is timely and satisfies all exhaustion requirements.

### III. DEFENDANT'S MOTION FOR ATTORNEY'S FEES

Defendant has filed a motion for attorney's fees and expenses. (Doc. 36.) While attorney's fees and expenses may be awarded as a condition of voluntary dismissal, the Court of Appeals for the Sixth Circuit "has expressly rejected the contention that the payment of defense costs is universally required for voluntary dismissal under Rule 41(a)(2)." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). Often, such fees and expenses are appropriate when refiling suit would risk duplicative fees and expenses. *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007). The Court finds attorney's fees and expenses are not appropriate in this case. Defendant asks for attorney's fees and expenses primarily because relitigating this case will result in duplicative work and fees and costs associated with such work. (Doc. 36.) However, the second and third conditions above are imposed to avoid duplicative costs, to the extent possible, for both parties. In light of those conditions, the Court will **DENY** Defendant's motion for attorney's fees (Doc. 36).

### IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion to reconsider (Doc. 32), **GRANT** Plaintiff's motion for voluntary dismissal (Doc. 34), **DENY** Defendant's motion for attorney's fees, and **DISMISS** this action **WITHOUT PREJUDICE**, subject to the following conditions:

1. Should Plaintiff decide to refile the case at a later date to bring a Title VII claim, it must be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law;

2. All previous rulings and entries on the docket for this case must stand, except as noted in footnote 4 above, and the case will be in the same procedural posture as when it was dismissed; and

3. If Plaintiff prevails in his refiled suit, he must pay Defendant's expenses, costs, and fees for work performed in the first suit that cannot be used in the second suit.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

9